## VARRELL *vs.* HOLMES.

If one purchase land of which his grantor is disseised, and this is known to the purchaser ; this is probable cause for prosecuting him *criminaliter* for buying a disputed title ; though other lands, which the grantor might lawfully convey, are described in the same deed.

THIS was an action on the case for maliciously and without probable cause procuring the plaintiff to be indicted for the crime of maintenance, and for buying a disputed title to land.

At the trial, before the Chief Justice, it appeared from the plaintiff's shewing, that *Richard Varrell,* the plaintiff's grand-father, was once owner of a farm of which the land in question was a part, lying on both sides of the county road ;—that he conveyed to *Nathan Merrill* all the land *on the eastern side of the county road* ; which land in 1801 *Merrill* conveyed to *James Merrill and Barnabas Briggs* for the use of the shakers' society in *New Gloucester.* At the time of *Merrill's* purchase the county road as actually surveyed and entered of record, ran through the grass-field several rods east of the road actually travelled ; and it never was travelled according to its original location, but was soon afterwards located anew, and farther west, to conform to the road *de facto.* The grantees of *Varrell* entered into posses-sion of the land up to the visible travelled road, including about two acres afterwards decided to be not actually covered by his deed ; all which the shakers constantly held in open, peaceable and exclusive possession, claiming it as their own adversely to all others ; which was well known to the plaintiff. It further appeared that the plaintiff, in 1823, purchased of his father and others, heirs at law of *Richard Varrell,* all their right and title to the land lying east of the county road as *then* travelled, except what had been conveyed by deed to the shakers ; and thereupon commenced an action in the name of his grantors, against the present defendant and *William Merrill,* deacons of the society of shakers, and managers of their property, to recover seisin and possession of the land alleged to be by them so wrongfully with-holden. In that suit a verdict was returned for the demandants

in this court at the same term in which the present action was tried, for that parcel of land lying between the county road as originally located, and the road actually travelled. After receiving his deed, the plaintiff called on the defendant to surrender to him the land described in his deed ; shewing him the minutes of the original laying out of the road ; to which the defendant replied that he knew there was a piece of land there which belonged to *Varrell*, and which the shakers would give up or settle for ; but that there was not so much as the plaintiff claimed. This piece, to which he said the shakers made no claim, was only a part of the parcel described in the plaintiff's deed. The defendant also denied that the plaintiff's ancestor had any deed of the land, and promised to give it up if a deed could be produced ; and afterwards said it would cost the plaintiff more to get the land than it was worth.

While the real action was pending, the plaintiff was indicted for unlawfully maintaining that suit on the part of the demandants; and for having purchased the land knowing the title to be doubtful and disputed, and the shakers to be in possession claiming title adversely to his grantors, who were not seised, in law or fact, of the land. Of this indictment, on trial in the court below, he was acquitted.

Upon this evidence, the Chief Justice being of opinion that instead of proving the want of probable cause for the criminal prosecution, it proved that probable cause for it did exist, notwithstanding the acquittal, he directed a nonsuit ; with leave for the plaintiff to move to set it aside.

*Emery* and *Fessenden*, in support of the motion, now argued that there was no probable cause for the prosecution ; because it appeared that the plaintiff did not purchase any land, except what his ancestor had not before conveyed ; and that the parcel which was not already conveyed, the shakers did not pretend to claim. It was merely a question of boundaries between them. The shakers having renounced all title to any land not included in their deed, were mere tenants at will of such land, holding in submission to *Varrell's* title ; and therefore, as to this land, *Varrell* was

never disseised, and his heirs had good right to convey. If, as the shakers in fact conceded, there was any land on which the deed to the plaintiff might operate, the offence was not committed.

Whether the shakers held the land in question adversely, or not, was a question of fact, which ought to have been submitted to the jury ; but the Judge seems to have assumed the affirmative of the question as an undisputed fact ; and for this cause the nonsuit ought to be set aside, that this point may be determined by the proper tribunal.

*Longfellow* and *Greenleaf*, for the defendant, contended that it was not material whether or not there was land described in the deed upon which it could operate ;—if it did purport to convey any land of which the shakers were in possession, claiming title, and of which the plaintiff was well knowing, this justified the prosecution. And that such were the facts, the plaintiff himself proved, by testimony which the defendant did not controvert, nor offer to explain.

At the ensuing term in *Lincoln*, the opinion of the court was delivered by

MELLEN C. J. The facts in this case, appearing on the report, are very simple ; and the law is as plain as the facts. On the 29th of *December* 1823 the plaintiff purchased of *Varrell*, his father, and of others, a piece of land, and received a deed of it under which he claimed to hold it. Soon after, the defendant caused the plaintiff to be indicted for purchasing a disputed title of the grantors, on the ground that at the time of the purchase they were disseised of the lands so purchased, and that the plaintiff knew they were so disseised. On the trial of the indictment the plaintiff was acquitted ; and this action is brought to recover damages for a malicious prosecution of the plaintiff in that case ; and the nonsuit was ordered by the Judge who tried the cause, because, in his opinion, the proof adduced by the plaintiff disclosed that there was probable cause for the prosecution. On the facts reported, we are now to decide whether such probable cause

existed. It appears that in the year 1801 the shaker society, by their proper officers, purchased a piece of land adjoining that which was purchased by the plaintiff of his father and others; but it further appears that they, for twenty years or more before the plaintiff's purchase, had constantly held, in open, peaceable and exclusive possession, not only the land actually conveyed to them by the deed from *Merrill,* but also the adjoining piece described in the deed to the plaintiff; and during all the time, claimed it as their own, and adversely to all others, till after the plaintiff's purchase according to the testimony of some of the plaintiff's witnesses ; though according to the testimony of others, the society did not assert a title to all the land described in the deed to the plaintiff ; but were willing to give up a part. Now here is no difference in the testimony of the plaintiff's witnesses, which can change the character of this cause, and of the defence growing out of this testimony. It amounts only to this, that to a part of the land conveyed to the plaintiff by his grantors, the shakers had never asserted any claim or had any adverse possession ; but that as to all the residue, they had possessed and claimed and held it, in such a manner as completely disseised the true owner; and to have continued such disseisin until after the plaintiff made his purchase and received his deed. It is very clear that if the grantors were disseised of any part of the tract they undertook to convey to the plaintiff, especially as that fact was known to him at the time, it was proof of probable cause for the prosecution though there was an acquittal. This view of the subject shews most plainly that there can be no legal ground for the objection which has been urged by the plaintiff's counsel; viz. that the question should have been submitted to the jury, whether the claim and long continued possession by the shakers were adverse to the right and title of the true owner. There was nothing for the jury to decide. The defendant did not deny any of the facts sworn to by the witnesses for the plaintiff. He said, " on your own testimony, there is proof of probable cause." It is wholly immaterial, as has before been observed, whether the plaintiff's grantors were, at the time of the conveyance, disseised of all the land they undertook to convey ; or of only a part of it ; the con-

sequence as to the question of probable cause, is the same in both cases. The plaintiff could not impeach his own witnesses; and their testimony cannot by any possible construction prove any thing more or less than this,—that at the time the plaintiff purchased and took his deed, his grantors were disseised of all or a part of the land in that deed described. The report states this fact in the most unequivocal language ; and the legal result is perfectly plain. The court are of opinion that the nonsuit was properly ordered. As the facts were all disclosed by the plaintiff's own witnesses, and those facts were not contested, the question whether they presented proof of the want of probable cause, or proof of probable cause, was a question of law, which it was the duty of the Judge to decide ; and he decided it correctly.

*Accordingly the nonsuit is confirmed.*